Receipt Number
539141

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES M. SWEENEY<br>Individually and on Behalf of Similarly<br>Situated Persons<br>271 W. Saratoga Street<br>Ferndale, Michigan 48220<br><br>and<br><br>LAURA SILVERI,<br>Individually and on Behalf of Similarly<br>Situated Persons<br>271 W. Saratoga Street<br>Ferndale, Michigan 48220<br><br>and<br><br>BRIGID MARIA SILVERI SWEENEY<br>271 W. Saratoga Street<br>Ferndale, Michigan 48220<br><br>and<br><br>JANET EGGEN AS GUARDIAN AND<br>NEXT FRIEND OF MINOR CHILD<br>S.E.<br>21 Millington Road<br>Pleasant Ridge, Michigan 48069<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERATED RETAIL HOLDINGS, INC.<br>Individually and As Successors in Interest to<br>THE MAY DEPARTMENT STORES CO.<br>C/O THE CORPORATION TRUST CO.<br>30600 Telegraph Road<br>Bingham Farms, MI 48025<br><br>and | Case: 2:06-cv-10887<br>Assigned To : Feikens, John<br>Referral Judge: Whalen, R. Steven<br>Assign. Date : 2/28/2006 @ 1:44 p.m.<br>Description: cmp sweeney, et al v.<br>federated retail holding, et al (tam)<br><br>**CLASS ACTION COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |

1

```
THE MAY DEPARTMENT STORES CO.    )
C/O THE CORPORATION COMPANY       )
30600 Telegraph Road              )
Bingham Farms, MI 48025           )
                                  )
        and                       )
                                  )
FEDERATED DEPARTMENT              )
STORE INCORPORATED                )
C/O THE CORPORATION COMPANY       )
30600 Telegraph Road              )
Bingham Farms, MI 48025           )
                                  )
        and                       )
                                  )
PALMER, REIFLER AND               )
ASSOCIATES, PA.                   )
1900 Summit Tower Blvd.           )
Suite 820                         )
Orlando, Florida 32810            )
                                  )
           Defendants.            )
```

Plaintiff, by and through counsel, alleges the following based on information and belief:

## I. THE PARTIES

1)   Plaintiffs, James M. Sweeney and Laura Silveri are adult citizens and have been residents of Ferndale Michigan for more than six months. They are the parents of B.M.S.S.

2)   Brigid Sweeney is an adult citizen and has been resident of Ferndale Michigan for more than six months.

3)   Plaintiff Janet Eggen is the guardian and next of friends of the minor child S.E., and a resident of the State of Michigan for more than six months.

2

4) On Sunday, February 27, 2005, B.M.S.S. was a minor child, age seventeen (17) who was not emancipated. S.E., was a minor child, age sixteen (16), on February 27, 2006 and was also unemancipated.

5) Defendant Federated Retail Holdings, Inc., a corporation organized pursuant to the laws of the State of New York and maintains its principal place of business in the State of Ohio.

6) Defendant May Department Stores Company, is a company organized pursuant to the laws of the State of New York and maintains its principal place of business in the State of Ohio.

7) Defendant Federated Department Stores, Inc., is a corporation organized pursuant to the laws of the State of Delaware and maintains its principal place of business in the State of Ohio.

8) Defendant Federated Retail Holdings, Inc., The May Department Stores Company and Federated Department Stores, Inc., or their Successors-in-interest (hereinafter "Retail Defendants") have agents in this State, and/or have done and are doing business in this State.

9) The Retail Defendants do business in this State under the "trade name" of Lord and Taylor.

10) The Retail Defendants own and/or operate a Lord & Taylor retail store within the Twelve Oaks Mall located at 27650 Novi Road, Novi, MI 48377.

11) Palmer, Reifler And Associates, P.A. is a law firm which maintains its principal place of business in the State of Florida.

12) Defendant Palmer, Reifler And Associates, P.A. have agents in this State, and/or have done and are doing business in this State.

## II. NATURE OF THE ACTION

13) On Sunday, February 27, 2005, B.M.S.S., S.E. and another young lady entered the Lord and Taylor retail store within the Twelve Oaks Mall located at 27650 Novi Road, Novi, MI 48377 at approximately 5:30 p.m.

14) This particular Lord and Taylor retail store upon information and belief is referred to as store number 28.

15) Placed throughout the Lord and Taylor retail store number 28, are numerous video cameras used for surveillance of persons entering its facility.

16) Shortly after entering the Lord and Taylor store, B.M.S.S., S.E. and the other young lady were stopped and questioned concerning a missing pair of sunglasses. Within five minutes of questioning, all three girls were physically removed to a back room within the Lord and Taylor store by a male security personnel employed by Lord and Taylor and/or its affiliated parent companies.

17) The "back room" is completely isolated from the retail space of the Lord and Taylor store.

18) Within the "back room" was one wooden bench. Secured to the wooden bench was a circular bar which extended the length of the seat of bench and revealed handcuffs attached thereto.

19) Upon immediate questioning by the male security personnel, the third girl, accompanying BS.S. and S.E., admitted to taking the sunglasses and placing them within her purse.

4

20) Following this admission, B.M.S.S. and S.E. denied knowledge of the other young lady's activity and involvement with the unlawful taking of the sunglasses.

21) Despite the immediate admission of the third girl, the unlawful detention continued and all three young ladies were physically searched and their purses examined by the security personnel.

22) No further items owned by Lord and Taylor were discovered by the security personnel.

23) Despite access to the surveillance video, no review of the tape was made.

24) Despite an immediate and clear admission of guilt by the other young adult, the Lord and Taylor security personnel continued to berate B.M.S.S. and S.E.

25) Despite the denial by S.E. and B.M.S.S. of any knowledge of the criminal activity or involvement with the unlawful taking of the sunglasses, the security personnel at the Lord and Taylor retail store, continued to threaten them with arrest.

26) Despite a clear admission of guilt by the other young person; and the lack of further items discovered after a complete search of their person and their property; and the denial by S.E. and B.M.S.S., of knowledge of the young lady's criminal activity and involvement with the unlawful taking of the sunglasses, the security personnel at the Lord and Taylor retail store, continued to improperly coerce S.E. and B.M.S.S. for the sole purpose of obtaining confessions both orally and in writing. Said conduct was unlawful and malicious.

27) Despite the close proximity of the store to the local police station, no phone call or report of criminal conduct was made for more than three hours and the unlawful imprisonment continued throughout this time period.

28) With total disregard as the closing of the store and the age of the minors, B.M.S.S. and S.E. were denied any access to the use of their cellular phones or the store phones for the express purpose of notification of parents. In fact, several phone calls from the girls' parents were made that day during the unlawful period of detention, which were identified on the cellar phones as calls from the parents, which were unanswered by girls at express direction of Defendants.

29) Upon arrival of the police, approximately three hours later, Lord and Taylor's surveillance videotape was reviewed and B.M.S.S. and S.E. were immediately released.

30) No criminal charges were filed against B.M.S.S. or S.E. nor was their substantiation of any criminal activity on the part of B.M.S.S. and S.E. determined by the local police.

31) Shortly after, on March 28, 2005, James M. Sweeney and Laura M. Silveri Sweeney received a letter from Defendant Palmer, Reifler and Associates, P.A., on behalf of Lord and Taylor.

32) Defendant Palmer, Reifler and Associates, P.A.'s, letter of March 28, 2005 sought civil damages in the amount of $200.00 or Defendant Palmer, Reifler and Associates, P.A., threatened that a civil action would be pursued against them for the incident of February 27, 2005, involving their daughter B.M.S.S.

33) Shortly after, on March 28, 2005, Janet Eggen received a letter from Defendant Palmer, Reifler and Associates, P.A., on behalf of Lord and Taylor.

34) Defendant Palmer, Reifler and Associates, P.A.'s, letter of March 28, 2005 to Janet Eggen also sought civil damages in the amount of $200.00 or Defendant Palmer,

6

Reifler and Associates, P.A., threatened that a civil action would be pursued against her for the incident of February 27, 2005 involving her daughter S.E.

35) Plaintiff Janet Eggen received a second letter from Defendant Palmer, Reifler and Associates, P.A., on behalf of Lord and Taylor dated May 2, 2005 which again threatened legal action.

36) Further, the second letter of May 2, 2005 to Janet Eggen sought increased civil damages in the amount of $435.00 for the February 27, 2005 despite the lack of criminal wrongdoing on the part of her minor child.

### III. JURISDICTION AND VENUE

37) This Court has subject matter jurisdiction pursuant to The Class Action Fairness Act of 2005.

38) Defendants do substantial business in the State of Michigan, advertise in the State of Michigan, and have received substantial compensation and profits from retail sales in the State of Michigan, and have engaged in tortuous conduct in the State of Michigan.

39) Venue is proper in this district pursuant to 28 U.S.C. §1391. Named plaintiffs received letters that form the basis of this lawsuit in the State of Michigan; they reside in the State of Michigan.

### IV. CLASS ACTION ALLEGATIONS

40) Plaintiffs reaver and reallege each and every allegation set forth in paragraphs one (1) through thirty-nine (39) as though fully rewritten herein.

41) Plaintiffs bring this class action for damages pursuant to Fed. Civ. R. 23 on behalf of a class ("Class") as defined as follows:

7

>All persons who: (1) have had not been subject of a formal police report filed with a local law enforcement agency which alleges that that person has committed retail fraud in the first, second or third degree or violated a local ordinance substantially corresponding to section 218, 356, 356c, or 356d of the Michigan penal code, 1931 PA 328 MCL 750.218, 750.356, 750.356c, and 750.356d and (2) have received a written demand from or on behalf of any retail store owned or operated by Defendant Federated Retail Holdings, Inc., Individually and As Successors in Interest to The May Department Stores, including but not limited Lord and Taylor seeking payment of the civil damages in accordance with Section 600.2953(1) of the Revised Judicature Act of 1961

42)    Plaintiffs are members of the Class they seek to represent. Upon information and belief, plaintiffs estimate the number of individuals in the Class is so numerous that joinder is impracticable. The exact number of Class members is currently unknown at this time and can be ascertained only through appropriate discovery. Class members may be identifiable from records maintained by Defendant Federated Retail Holdings, Inc., Defendant Federated Department Stores Inc., Defendant The May Department Stores, and Defendant Palmer, Reifler and Associates, P.A.

43)    Class certification is appropriate because there are questions of law or fact common to the Class which predominate over any questions affecting only individual members. These questions include:

>a.    Whether Defendants failed to investigate and determine whether or not a person was subject of a formal police report filed with a local law enforcement agency which alleges that that person has committed retail fraud in the first, second or third degree or violated a local ordinance substantially corresponding to section 218, 356, 356c, or 356d of the Michigan penal code, 1931

    PA 328 MCL 750.218, 750.356, 750.356c, and 750.356d prior to sending written demands to person or legal guardians.

b.  Whether Defendants complied with Section 600.2953 of the Revised Judicature Act of 1961.

c.  Whether defendants received monetary benefits unlawfully as a result of violating Section 600.2953of the Revised Judicature Act of 1961.

d.  Whether defendants are liable for repayment of funds received unlawfully, interest on the funds unlawfully received, attorneys fees paid by the legal guardians or persons who may have had to seek legal advice and services as a result of receiving a demand letter from Defendants, negative credit reporting for the failure to pay the alleged debt, damages for the emotional distress upon persons or legal guardians of minors and damages for Defendants' wrongful conduct alleged herein;

e.  Whether defendants were negligent, reckless, malicious or acted in flagrant disregard of plaintiffs' rights and the rights of the Class members plaintiffs seek to represent, in failing to investigate and determine whether Defendant was entitle to demand civil damages against Plaintiffs and the Class members plaintiffs seek to represent, converting plaintiffs' funds unlawfully, and failing to return unlawfully received funds.

44) The named plaintiffs' claims are typical of the Class because they like members of their Class have not been subject of a formal police report filed with a local law enforcement agency which alleges that that person has committed retail fraud in the first, second or third degree or violated a local ordinance substantially corresponding to section 218, 356, 356c, or 356d of the Michigan penal code, 1931 PA 328 MCL 750.218, 750.356, 750.356c, and 750.356d and have received a written demands from or on behalf of the Retail Defendants who sought payment of the civil damages in accordance with Section 600.2953(1) of the Revised Judicature Act of 1961

45) The claims of the plaintiffs are typical of the Class because they sustained injuries, and harms as a direct and proximate result of the wrongdoing of defendants Federated Retail Holdings, Inc., Federated Department Stores Inc., The May Department Stores, and Defendant Palmer, Reifler and Associates, P.A.

46) The plaintiffs will adequately represent the interests of the members of the Class and do not have any interest which conflicts with the interests of the Class members. Plaintiffs are members of the Class and have retained counsel competent and experienced in complex class actions.

47) Class action is superior to other available methods for the fair and efficient adjudication of this controversy because, among other reasons, the defendants Federated Retail Holdings, Inc., Federated Department Stores Inc., The May Department Stores, and Defendant Palmer, Reifler and Associates, P.A. have acted, or refused to act, on grounds generally applicable to the Class, making appropriate relief sought herein. Moreover, the prosecution of separate actions by individual members of the Class would

create a risk of incompatible standards of conduct for the defendant and inconsistent or varying adjudications for the Class members.

48)     Subclasses may be formed as necessary.

## CAUSES OF ACTION

### A. NEGLIGENCE

49)     Plaintiffs reaver and reallege each and every allegation set forth in paragraphs one (1) through forty-eight (48) as though fully rewritten herein.

50)     Defendants Federated Retail Holdings, Inc., Federated Department The May Department Stores, and Palmer, Reifler and Associates, P.A. failed to investigate or determine whether or not a person was subject of a formal police report filed with a local law enforcement agency which alleges that that person has committed retail fraud in the first, second or third degree or violated a local ordinance substantially corresponding to section 218, 356, 356c, or 356d of the Michigan penal code, 1931 PA 328 MCL 750.218, 750.356, 750.356c, and 750.356d prior to sending written demands to person or legal guardians as prescribed by the Michigan Revised Judicature Act of 1961 Section 600.2953.

51)     Defendants Federated Retail Holdings, Inc., The May Department Stores, and Palmer, Reifler and Associates, P.A. without proper investigation and with reckless disregard for merit sent written demands threatening the filing of civil actions if funds were not paid, to individual members of the class prior to determining whether or not they were entitled to demand such payments.

11

52) As a direct and proximate result of defendants' negligence, Plaintiffs James Sweeney, Laura Silveri Sweeney, and Janet Eggen suffered severe emotional distress and anxiety.

53) As a further direct and proximate result of defendants' negligence, plaintiff Plaintiffs James Sweeney, Laura Silveri Sweeney, and Janet Eggen were forced to seek legal counsel and advice.

### B. INTENTIONAL ACT/FLAGRANT DISREGARD

54) Plaintiffs reaver and reallege each and every allegation set forth in paragraphs one (1) through fifty-three (53) as though fully rewritten herein.

55) That defendants acted intentionally, recklessly, maliciously and with flagrant disregard of Plaintiffs James Sweeney, Laura Silveri Sweeney, and Janet Eggen by failing to determine whether or not their minor children B.M.S.S. and S.E. were persons subject to a formal police report filed with a local law enforcement agency which alleges that that person has committed retail fraud in the first, second or third degree or violated a local ordinance substantially corresponding to section 218, 356, 356c, or 356d of the Michigan penal code, 1931 PA 328 MCL 750.218, 750.356, 750.356c, and 750.356d, prior to sending written demands threatening civil action if funds were not paid.

56) That as a direct and proximate result of defendants' intentional, reckless, malicious and flagrant disregard for plaintiffs have suffered such injuries and damages as are alleged in paragraphs fifty (50) and fifty-one (51) herein.

57) That as a further direct and proximate result of defendants' flagrant and malicious conduct, plaintiffs James Sweeney, Laura Silveri Sweeney, and Janet Eggen are entitled to punitive damages.

### C. CONSPIRACY AND FRAUD

58) Plaintiffs reaver and reallege each and every allegation set forth in paragraphs one (1) through fifty-seven (57) as though fully rewritten herein.

59) Defendants Federated Retail Holdings, Inc., The May Department Stores, and Palmer, Reifler and Associates, P.A. knowingly, intentionally and maliciously conspired among themselves to send written demand letters, to persons from whom Defendants knew or should have known were not entitled to seek restitution under the Michigan Revised Judicature Act of 1961 Section 600.2953. As a further and alternative ground for relief, Plaintiffs assert a cause of action for conspiracy and fraud.

60) As an affirmative act and evidence of the ongoing fraudulent conduct Defendants Federated Retail Holdings, Inc., The May Department Stores, and Palmer, Reifler and Associates, P.A.., its employees and agents, maliciously threatened persons or parents of unemancipated children with the express intent to extort money from them without regard to liability or the provisions of Michigan Revised Judicature Act of 1961 Section 600.2953.

61) The subsequent letters also sought increasing damages do to lack of response. This conduct represents other affirmative acts in support of the conspiracy and overall fraudulent conduct of the Defendants in violation of MCLA 750.213.

62) At all times relevant, the Defendants, knowingly, intentionally, and maliciously conspired for the purpose of extorting funds from on the citizens of Michigan, including the Plaintiffs herein.

63) The Defendants further conspired by knowingly and intentionally communicating any and all alleged acts or retail fraud without full investigation as to legitimacy and thus creating circumstances where substantial injury and harm to Plaintiffs' persons were certain or substantially certain.

64) Despite Defendants' knowledge that they were required to investigate and determine whether a person or unemancipated minor is the subject of a formal police report filed with a local law enforcement agency which alleges that that person has committed retail fraud in the first, second or third degree or violated a local ordinance substantially corresponding to section 218, 356, 356c, or 356d of the Michigan penal code, 1931 PA 328 MCL 750.218, 750.356, 750.356c, and 750.356d, Defendants herein knowingly, intentionally and maliciously conspired to avoid any investigation of Plaintiffs' status, in order to determine actual costs associated with such investigation solely to obtain financial benefit.

65) As a direct and proximate result of the knowing, intentional and malicious acts of conspiracy of the Defendants and their employees, agents, and representatives, the Plaintiffs have suffered physical and emotional injuries; mental and emotional distress; loss of enjoyment of life; and other actual and compensatory damages in excess of One Million Dollars ($1,000,000.00) per Plaintiff.

66) Furthermore, the Defendants' knowing and intentional acts of conspiracy and their violation of Michigan and Federal Statutes and local ordinances entitle Plaintiffs to punitive damages in excess of One Million Dollars ($1,000,000.00) per Plaintiff from each defendant, so as to deter the Defendants from such conduct in the future and to deter others from engaging in such irresponsible activity.

**WHEREFORE,** plaintiffs and the Class in which it seeks to represent request that this Court enter a judgment against Defendants Federated Retail Holdings, Inc., The May Department Stores, and Palmer, Reifler and Associates, P.A. and in favor of plaintiffs and the Class members and award the following relief:

A. Certification of a Statewide Class defined as:

> All persons residing in the State of Michigan who: (1) have had not been subject of a formal police report filed with a local law enforcement agency which alleges that that person has committed retail fraud in the first, second or third degree or violated a local ordinance substantially corresponding to section 218, 356, 356c, or 356d of the Michigan penal code, 1931 PA 328 MCL 750.218, 750.356, 750.356c, and 750.356d and (2) have received a written demand from or on behalf of any retail store owned or operated by Defendant Federated Retail Holdings, Inc., Individually and As Successors in Interest to The May Department Stores, including but not limited Lord and Taylor seeking payment of the civil damages in accordance with Section 600.2953(1) of the Revised Judicature Act of 1961

B. Declare that Defendants Federated Retail Holdings, Inc., The May Department Stores, and Palmer, Reifler and Associates, P.A. acts which violate one of the subject of this Complaint have the Michigan Revised Judicature Act of 1961 Section 600.2953 and are financially responsible for notifying all Class members of the violations;

15

C. Compensatory damages against Defendants Federated Retail Holdings, Inc., The May Department Stores, and Palmer, Reifler and Associates, P.A, jointly and severally, in excess of $75,000.00, exclusive of interest and costs on Causes of Action A through B;

D. Punitive damages against Defendant Federated Retail Holdings, Inc., The May Department Stores, and Palmer, Reifler and Associates, P.A on Cause of Action B and C;

E. Equitable, injunctive relief in the form of the development of a system which verifies that any Defendant has conducted a proper investigation prior to sending any written or oral demands, in compliance with Section 600.2953(1) of the Revised Judicature Act of 1961 or be subject to penalty;

F. Prejudgment and post-judgment interest on all damages;

G. Costs, including costs associated with discovery and notification of the class, expert fees and attorney fees incurred in the prosecution of this action; and,

H. Such other and further relief that the court deems just and proper.

Respectfully submitted,

*/s/ Carolyn Kaye Ranke/*

CAROLYN KAYE RANKE (0043735)
BRENT COON AND ASSOCIATES
The Bradley Building, Suite 303
1220 West Sixth Street
Cleveland, Ohio 44113
Telephone: 216-241-1872
Facsimile: 216-241-1873
Email: kaye@bcoonlaw.com

## JURY DEMAND

A trial by jury on all issues is hereby demanded.

**JS 44** (Rev. 11/04)      **CIVIL COVER SHEET**    County in which this action arose __Oakland__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sweeney, James., Silveri Laura Individually and as next friend of B.M.S.S. Eggen, Janet Individually and as next friend of S.E. and Sweeney, Brigid Marie Silveri

**DEFENDANTS**
Federated Retail Holdings Inc., The May Department Store Co., Federated Department Stores Inc., and Palmer, Reiffler and Associates, P.A.

(b) County of Residence of First Listed Plaintiff __Oakland__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Oakland__

26125

**Case: 2:06-cv-10887**
**Assigned To : Feikens, John**
**Referral Judge: Whalen, R. Steven**
**Assign. Date : 2/28/2006 @ 1:44 p.m.**
**Description: cmp sweeney, et al v. federated retail holding, et al (tam)**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brent Coon and Associates, Carolyn Kaye Ranke (0043735)
1220 West Sixth Street, Suite 303
Cleveland, Ohio 44113 (216) 241-1872

## II. BASIS OF JURISDICTION (Select One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

POSSIBLE COMPANION CASE

360

## V. ORIGIN (Select One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
The Class Action Fairness Act of 2005
Brief description of cause:
Negligence, Negligent/Flagrant Disregard, Conspiracy and Extortion

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** in excess of $5,000,000.
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** February 24, 2006

**SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes   ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes : There is another action which is not pending but is being filed concurrently with this action which shares the same facts.