UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| James M. Sweeney et. al. | ) | CASE NO.: 2:06-cv-10887 |
| | ) | |
| Plaintiffs, | ) | JUDGE: JOHN FEIKENS |
| | ) | |
| vs. | ) | |
| | ) | |
| Federated Retail Holdings, Inc. et.al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO DISMISS FILED BY FEDERATED RETAIL HOLDINGS, INC. AND FEDERATED DEPARTMENT STORES.

Now come Plaintiffs, by and through counsel, and herein respectfully oppose the motion to dismiss filed by Defendants Federated Retail Holdings, Inc. and Federated Departments Stores.   A Brief in Opposition is attached hereto and incorporated.

Respectfully submitted,

s/ Carolyn Kaye Ranke
CAROLYN KAYE RANKE (0043735)
BRENT COON AND ASSOCIATES
1220 West Sixth Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
Email: kaye@bcoonlaw.com

s/ Mary Brigid Sweeney
MARY BRIGID SWEENEY (0044148)
BRENT COON AND ASSOCIATES
1220 West Sixth Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
Email: marybrigid@bcoonlaw.com

1

<u>**BRIEF IN OPPOSITION**</u>

**I. INTRODUCTION**

On February 28, 2006 Plaintiffs filed a Class Action Complaint alleging damages

sustained by the wrongful conduct of Defendants and the express violation of MCL

600.2953 which allows for the civil recovery of damages for merchants who have been

the victims of shoplifting.  The Complaint further alleges damages sustained as a result of

the Defendants' intentional and willful attempt to collect monies to which there was no

entitlement and conduct that is tantamount to civil extortion.  The Plaintiffs also seek to

be named representatives of the class of individuals who have been similarly injured by

the negligent and/or intentional conduct of Defendants.  The within Defendants have filed

responsive pleadings to the Complaint in addition to instant motion to dismiss.  However,

Co-Defendant Palmer, Reifler & Associates has been served with the Complaint but has

not filed any responsive pleadings to date.

Defendants' motion to dismiss is filed pursuant to Fed. Civ. Rule 12(b)(6)

asserting that the Plaintiffs' Complaint fails to state claims upon which relief may be

granted.  In determining whether a dismissal of a complaint pursuant to Rule 12(b)(6) is

appropriate, a district court must construe the complaint liberally, accepting all factual

allegations in the complaint as true, and drawing all reasonable inferences in the

plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002)

(citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).  A court may not dismiss an

action "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41,

45-46 (1957).   Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires only that complaints contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Indeed, the Rules set forth a pleading standard under which a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests. Accordingly, "[t]he complaint . . . need not `set out in detail the facts upon which' the claim is based." _Twombly v. Bell Atlantic Corp._, 425 F.3d 99, 107 (2d Cir. 2005) (quoting _Conley_, 355 U.S. at 47).

Accordingly, the underlying facts set forth in the Plaintiffs' Complaint must be accepted as true when considering the relief sought as well as the alleged grounds for the dismissal.

## II. BACKGROUND

### A.      The Nature of Plaintiffs' Complaint

The underlying facts of this case stem from an incident that occurred on Sunday, February 27, 2005, wherein three (3) minor girls[1] entered the Lord and Taylor store located at the Twelve Oaks Mall in Novi, MI.  Shortly after entering the store, the girls who have been identified as Plaintiffs in the instant action and its companion case, and the third young lady were stopped and questioned concerning a missing pair of sunglasses.  Within minutes of this questioning, all three girls were physically removed to a back room within the Lord and Taylor store by a male security personnel.

---

[1] Pursuant to the instructions of this honorable court, the names of the minors will not appear in this Brief.

Upon immediate questioning by the male security officer, the third girl, admitted to taking the sunglasses and produced the property that was hidden within her purse. Following this admission, the two Plaintiffs denied any involvement in the unlawful taking of the sunglasses or knowledge of its occurrence. Despite the immediate admission of the third girl, the unlawful detention continued and all three young ladies were physically searched and their purses examined by the security personnel. No further items owned by Lord and Taylor were discovered. Further, despite access to the surveillance video, no review of the tape was made and the unlawful detention continued for more than three (3) hours. The store security personnel continued to improperly coerce Plaintiffs in the attempt to obtain confessions of guilt. Given the overall circumstances, said conduct was unlawful and malicious.

Upon the eventual arrival of the police, the store's surveillance videotape was reviewed and the Plaintiffs were immediately released without the filing of criminal charges. In fact, following the mere review of the videotape, the local police officers determined that there was no substantiation of criminal activity on the part of Plaintiffs.

On or about March 28, 2005, Plaintiffs James M. Sweeney and Laura M. Silveri Sweeney, as parents of one of the minor girls, received a letter from Defendant Palmer, Reifler and Associates, P.A., (hereinafter "Palmer, Reifler") demanding the payment of civil damages in the amount of $200.00 for the alleged loss or damage of their property resulting from the criminal conduct of their daughter. The letter further threatened that a civil lawsuit would be filed against them in the event that payment was not made. A similar letter was received by Plaintiff Janet Eggen, the parent of the other minor girl,

4

which contained identical demands and threats of legal action in the event of

nonpayment.

The facts further demonstrate that a letter from counsel Mary Brigid Sweeney on

behalf of Plaintiffs James M. Sweeney and Laura M. Silveri Sweeney was mailed

noticing her involvement in the matter.  After such notification, no other action was

taken.  However, a follow up demand letter was sent to Plaintiff Janet Eggen on May 2,

2005 seeking increased civil damages in the amount of $435.00 or the immediate

initiation of a legal proceeding.  It is therefore evident that Defendants' actions were not

merely accidental in that the unrepresented party continued to be wrongfully threatened.

**B.**     **Evidence of Wrongful Conduct of Defendants**

Section 600.2953 of the Michigan Revised Judicature Act of 1961 provides in

applicable part that:

"A merchant may recover the amount for which a person is civilly liable under
this section only if a formal police report is filed with a local law enforcement agency
that has jurisdiction over the location where the violation took place, which report sets
forth facts alleging that the person has committed retail fraud in the first, second, or third
degree or violated a local ordinance substantially corresponding to section 218, 356,
356c, or 356d of the Michigan penal code, 1931 PA 328, MCL 750.218, 750.356,
750.356c, and 750.356d, regardless of the outcome of any criminal action".

It is clear from the facts outlined in the Complaint, the Plaintiffs were not the

subject of any police report nor criminally culpable in the least.  Therefore, any collection

effort on the part of Defendants was improper.  Moreover, it is important to note that the

legislation permits a merchant to recover only for the full retail price of "unrecovered

property or recovered property that is not in salable condition".  As set forth above, the

sunglasses in question were immediately recovered without damage thereby negating any

legitimate recovery of damages.

5

## III.   <u>LAW AND ARGUMENT</u>

### A.   <u>Plaintiffs' burden to maintain its negligence action</u>

The basis for Defendants' motion to dismiss seemingly lies in the sole fact that no monies were collected as a result of the letters in question. However, this argument lacks merit since the mere attempt at collection of monies to which they were not entitled gives rise to a legal cause of action. The payment of monies would only exacerbate the efforts at extortion demonstrated by the combined actions of the Defendants.

Further, Defendants contend that the lack of case law specifically identifying a cause of action addressing the exact fact pattern contemplated herein requires the dismissal of the Plaintiffs' Complaint. This argument fails to accurately state the burden of any plaintiff in maintaining an action that lies in tort law. Michigan case law demonstrates that in order to prevail on a claim of negligence, there must be a duty, and the events leading to the injury or the harm itself must be foreseeable in order to impose such a duty. <u>Graves v. Warner Bros</u>, (2002) 253 Mich. App. 486. In this scenario, the plain language of the MCL 600.2953 outlines the duties of a merchant that must be observed prior to seeking civil damages. Rule 11 of the Federal Rules of Civil Procedure also place a fundamentally implied duty upon a party not to seek frivolous damages for a harm that does not exist. Accordingly, Plaintiffs can meet their basis burden in the pursuit of this action.

It is equally foreseeable that the wrongful demand for damages and the threat of legal action in the event of nonpayment can cause mental harm, anxiety or other damage to the party on the receiving end of such careless strong-arm tactics. The intentional

nature of the Defendants' conduct is again evidenced by the cessation of the wrongful collection against one Plaintiff after receipt of notice legal representation while increasing the demand for damages against the other Plaintiff.  At a minimum, the conduct reveals a careless disregard on the part of the Defendants for accuracy in its pursuits.  Therefore, it is clear that this conduct could potentially result in the award of a verdict for Plaintiffs in a subsequent trial on the merits.

**B.   The nature of Defendants conduct is likely to recur**

Defendants reliance on the fact that Plaintiffs did not pay the monies that were being wrongfully sought is also the basis for its demand that the claim for punitive damages be struck.  As outlined above, the actions of Defendants were negligent, if not intentional, thereby giving rise to damages that lie in theories of tort recovery.  More importantly, the facts illustrate conduct that is likely to recur absent the imposition of penalties for their actions.  Therefore the implication that Plaintiffs complaint is moot due to the alleged failure to actually recover civil damages must fail.

The standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. *United States v. Concentrated Phosphate Export Assn., Inc.*, 393 U. S. 199, 203. By contrast, it is the burden of a plaintiff who seeks to force compliance by filing a lawsuit, "to establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue and that the threatened injury is certainly impending." *Whitmore v. Arkansas*, 495 U. S. 149, 158.

7

Accordingly, the lack of the singular aspect of completion of the civil extortion cannot be the basis of a dismissal but rather a factor that should be considered in measuring the damages that result from the wrongful conduct of the Defendants. The facts as established in the Plaintiffs' Complaint provide the substantive basis for a legitimate cause of action against the Defendants and must be allowed to proceed to a determination on the merits. Therefore, the Defendants' motion to dismiss must be denied by this honorable court.

Respectfully submitted,

s/ Carolyn Kaye Ranke
CAROLYN KAYE RANKE (0043735)
BRENT COON AND ASSOCIATES
1220 West Sixth Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
Email: kaye@bcoonlaw.com

s/ Mary Brigid Sweeney
MARY BRIGID SWEENEY (0044148)
BRENT COON AND ASSOCIATES
1220 West Sixth Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
Email: marybrigid@bcoonlaw.com