UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES M. SWEENEY )<br>Individually and on Behalf of Similarly )<br>Situated Persons )<br>271 W. Saratoga Street )<br>Ferndale, Michigan 48220 )<br>)<br>and )<br>)<br>LAURA SILVERI, )<br>Individually and on Behalf of Similarly )<br>Situated persons )<br>271 W. Saratoga Street )<br>Ferndale, Michigan 48220 )<br>)<br>and )<br>)<br>BRIGID MARIA SILVERI SWEENEY )<br>271 W. Saratoga Street )<br>Ferndale, Michigan 48220 )<br>)<br>and )<br>)<br>JANET EGGEN AS GUARDIAN AND )<br>NEXT FRIED OF MINOR CHILD )<br>S.E. )<br>21 Millington Road )<br>Pleasant Ridge, Michigan 48069 )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>FEDERATED RETAIL HOLDIGNS, INC. )<br>Individually and As Successors in Interest to )<br>THE MAY DEPARTMENT STORES CO. )<br>C/O THE CORPORATION TRUST CO. )<br>30600 Telegraph Road )<br>Bingham Farms, MI 48025 )<br>)<br>and )<br>) | Case No. 2:06-cv-10887<br>Hon. George Caram Steeh<br><br>**Defendant, Palmer, Reifler and Associates, P.A.'s Motion to Dismiss** |

| | |
|---|---|
| THE MAY DEPARTMENT STORES CO. | ) |
| C/O THE CORPORATION COMPANY | ) |
| 30600 Telegraph Road | ) |
| Bingham Farms, MI 48025 | ) |
| | ) |
| and | ) |
| | ) |
| FEDERATED DEPARTMENT STORE | ) |
| INCORPORATED | ) |
| C/O THE CORPORATION COMPANY | ) |
| 30600 Telegraph Road | ) |
| Bingham Farms, MI 48025 | ) |
| | ) |
| and | ) |
| | ) |
| PALMER, REIFLER AND ASSOCIATES, | ) |
| P.A. | ) |
| 1900 Summit Tower Blvd. | ) |
| Suite 820 | ) |
| Orlando, Florida 32810 | ) |
| | ) |
| Defendants. | ) |

CAROLYN KAYE RANKE (P30904)
Attorney for Plaintiff
The Bradley Building, Suite 303
1220 West Sixth Street
Cleveland, Ohio 44113

JOHN MCMANUS (P44102)
Attorney for Defendant
McManus Law, PLLC
999 Haynes, Suite 205
Birmingham, MI 48009

MICHAEL P. ASHCRAFT, JR. (P46154)
Plunkett & Cooney, P.C.
Attorney for Defendant Palmer, Reifler and
Associates, P.A.
38505 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 594-8217

## **DEFENDANT, PALMER, REIFLER AND ASSOCIATES, P.A.'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Palmer, Reifler and Associates, P.A. ("Defendant"), through their attorneys, respectfully request this Court to dismiss

2

Plaintiffs' Complaint in the above-referenced matter. As grounds for this motion, Defendant states:

1. Plaintiffs' have filed a lawsuit against Defendant for injuries they allegedly sustained as a result of Defendant's alleged violation of MCL §600.2953.

2. For reasons set forth more fully in the memorandum that accompanies this motion, Plaintiffs' Complaint should be dismissed with prejudice.

Defendant, Palmer, Reifler and Associates, P.A., respectfully requests this Court to enter an Order granting their Motion to Dismiss.

**PLUNKETT & COONEY, P.C.**

s/ Michael P. Ashcraft, Jr.
_____
MICHAEL P. ASHCRAFT, JR. (P46154)
Attorney for Palmer, Reifler and Associates, PA
38505 Woodward, Suite 2000
Bloomfield Hills, MI 48304
(248) 594-8202
mashcraft@plunkettcooney.com

DATED:   June 12, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES M. SWEENEY<br>Individually and on Behalf of Similarly<br>Situated Persons<br>271 W. Saratoga Street<br>Ferndale, Michigan 48220<br><br>and<br><br>LAURA SILVERI,<br>Individually and on Behalf of Similarly<br>Situated persons<br>271 W. Saratoga Street<br>Ferndale, Michigan 48220<br><br>and<br><br>BRIGID MARIA SILVERI SWEENEY<br>271 W. Saratoga Street<br>Ferndale, Michigan 48220<br><br>and<br><br>JANET EGGEN AS GUARDIAN AND<br>NEXT FRIED OF MINOR CHILD<br>S.E.<br>21 Millington Road<br>Pleasant Ridge, Michigan 48069<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERATED RETAIL HOLDIGNS, INC.<br>Individually and As Successors in Interest to<br>THE MAY DEPARTMENT STORES CO.<br>C/O THE CORPORATION TRUST CO.<br>30600 Telegraph Road<br>Bingham Farms, MI 48025<br><br>and | Case No. 2:06-cv-10887<br>Hon. John Feikens<br><br>**Defendant, Palmer, Reifler and**<br>**Associates, P.A.'s Memorandum in**<br>**Support of Motion to Dismiss** |

4

| | |
|---|---|
| THE MAY DEPARTMENT STORES CO. <br> C/O THE CORPORATION COMPANY <br> 30600 Telegraph Road <br> Bingham Farms, MI 48025 <br><br> and <br><br> FEDERATED DEPARTMENT STORE <br> INCORPORATED <br> C/O THE CORPORATION COMPANY <br> 30600 Telegraph Road <br> Bingham Farms, MI 48025 <br><br> and <br><br> PALMER, REIFLER AND ASSOCIATES, <br> P.A. <br> 1900 Summit Tower Blvd. <br> Suite 820 <br> Orlando, Florida 32810 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Defendant, Palmer, Reifler and Associates, P.A., through their attorneys, Plunkett & Cooney, P.C., and in support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), state the following.

I.  **Introduction**

Plaintiffs' entire case is based on the allegation that they received a letter in the mail from Palmer, Reifler & Associates requesting that Plaintiffs' pay Lord & Taylor[1] approximately $200.00 because Plaintiffs' minor children were believed to have shoplifted from Lord & Taylor. The letter was sent pursuant to MCL §600.2953, which is the statute that provides civil damages to merchants who are the victims of shoplifters.

---

[1] Federated Retail Holdings, Inc. and Federated Department Stores, Inc. (hereinafter "Lord & Taylor") do business under the trade name "Lord & Taylor." (Class Action Complaint ¶ 9).

5

Plaintiffs never paid Lord & Taylor. Lord & Taylor never sued Plaintiffs. In fact, Lord & Taylor took no further action after the letter was sent. As a result of their receipt of this letter, Plaintiffs have concocted a plethora of common law claims and have requested in excess of One Million Dollars ($1,000,000). However, Plaintiffs' attempts to state a claim fail because Lord & Taylor did not violate §600.2953 and common law tort claims based on an alleged violation of MCL §600.2953 are inappropriate.

## II.   Allegations of the Complaint

Plaintiffs are the parents of two minors. While at the Twelve Oaks Mall Lord & Taylor department store, the two minors were stopped and questioned by Lord & Taylor loss prevention employees under the suspicion of shoplifting. (Class Action Complaint, ¶¶ 1, 3, 13, 16) The two minors were with a third girl, who confirmed Lord & Taylor's suspicions. The third girl admitted to shoplifting merchandise from Lord & Taylor. (Class Action Complaint, ¶19) In reaction to Lord & Taylor's questioning of the three girls, Plaintiffs filed a Complaint in the Eastern District of Michigan, Southern Division, Case: 2:06-cv-10886, alleging false imprisonment, intentional infliction of emotional distress, and malicious conduct. Plaintiffs seek to recover compensatory damages and $5 million in punitive damages from Lord & Taylor for the minors' alleged personal injuries and emotional distress as a result of the alleged "false imprisonment."

In addition to the false imprisonment case presently pending in front of Judge Steeh, Plaintiffs have filed this action against Defendants Lord & Taylor and Palmer, Reifler & Associates ("PRA"). The crux of Plaintiffs' present Complaint is contained in paragraphs 31-34. Plaintiffs claim that on March 28, 2005 Plaintiffs James M. Sweeney, Laura M. Silveri Sweeney, and Janet Eggen received a letter from PRA on behalf of Lord

6

& Taylor.[2] PRA's letter requested that Plaintiffs pay civil damages in the amount of $200.00. (Class Action Complaint, ¶¶ 31-34).

As a result of PRA's sending a letter on behalf of Lord & Taylor, Plaintiffs have attempted to assert causes of action for negligence, intentional act, conspiracy and fraud. In their first cause of action, Plaintiffs allege that Lord & Taylor was "negligent" in failing to "investigate or determine" whether the two minors were the subject of a formal police report, prior to sending written demands to Plaintiffs pursuant to MCLS §600.2953. (Class Action Complaint, ¶50) As a result of Plaintiffs' alleged receipt of the §600.2953 written demands, Plaintiffs claim that they "suffered severe emotional distress and anxiety" and were "forced to seek legal counsel and advice." (Class Action Complaint, ¶¶52, 53)

In their second cause of action, Plaintiffs allege that Lord & Taylor acted "intentionally, recklessly, maliciously and with flagrant disregard of Plaintiffs by failing to determine whether or not their minor children ...were persons subject to a formal police report..." before sending the written demand to Plaintiffs. (Class Action Complaint, ¶55) As a result, Plaintiffs seek punitive damages. (Class Action Complaint, ¶57).

In their third cause of action for alleged "conspiracy and fraud," Plaintiffs allege that Lord & Taylor and PRA, "conspired for the purpose of extorting funds from on (sic) the citizens of Michigan, including Plaintiffs herein" by sending written demands for civil damages pursuant to §600.2953. (Class Action Complaint, ¶62) As a result, Plaintiffs claim to have suffered "physical and emotional injuries, mental and emotional

---

[2] A fourth Plaintiff (Brigid Maria Silveri Sweeney) is named in the caption, but never mentioned in the Complaint.

7

distress, loss of enjoyment of life, and other actual and compensatory damages in excess of One Million Dollars ($1,000,000) per Plaintiff." (Class Action Complaint, ¶65) They also seek punitive damages in the amount of One Million Dollars ($1,000,000). (Class Action Complaint, ¶66)

It is notable that Plaintiffs do not assert any facts indicating that they paid the amount demanded by PRA in the letter. Nor do Plaintiffs allege that PRA or Lord & Taylor took any action to collect the amount sought in the letters.

Nonetheless, Plaintiffs have filed the present action as a purported class action on behalf of:

> "All persons who: 1) have had (sic) not been subject of a formal police report filed with a local law enforcement agency which alleges that that person has committed retail fraud in the first, second, or third degree or violated a local ordinance substantially corresponding to section 218, 356, 356c, or 356d of the Michigan penal code, 1931 PS 328 CML 750.218, 750.356, 750.365c, and 750.356d *and* 2) have received a written demand from or on behalf of any retail store owned or operated by Defendants Federated Retail Holdings, Inc. ...seeking payment of the civil damages in accordance with Section 600.295391) of the Revised Judicare Act of 1961." (Emphasis added.) (Class Action Complaint, ¶41)

### III. Argument

#### A. Plaintiffs' Complaint must be dismissed since an alleged violation of §600.2953 cannot form the basis of common law claims for negligence, intentional act, conspiracy and fraud.

There is absolutely no Michigan case that allows a common law tort action if a merchant fails to investigate before it sends a written letter to an alleged shoplifter (or her guardians) seeking civil damages. Nor is there any precedent establishing a common law duty, owed by merchants to those it believes shoplifted goods from them, to refrain from making written demands for damages or to make written demands only in certain instances. On the contrary, there is a total and utter absence of any such common law

8

duty, tort, or remedy for any such activities. Rather, any such rights, parameters or remedies are established entirely by statute.

### 1. Section 600.2953 sets forth the rights and remedies pertaining to civil recovery actions.

MCL §600.2953 is the statute that provides a civil remedy to merchants who are the victims of shoplifters. It allows a merchant to collect damages from an alleged shoplifter, even if the shoplifter is never criminally prosecuted.[3] The statute sets forth the procedure that allows a merchant to recover damages.

First, the merchant must make a written demand upon the shoplifter (or her parents, if she is a minor). §600.2953(2).[4] The statute allows a written demand to be made to anyone whom the merchant *believes* committed retail fraud. §600.2953(2). The statute specifically states that the written demand should read as follows:

"We have *cause to believe* that on (date) you, or your minor child (child's name), committed retail fraud…" (Emphasis added.) §600.2953(2).

The only prerequisite to sending a written demand is that one must "evaluate the validity of the *accusation* that the person committed the act…" (Emphasis added.) §600.2953(2). The statute imposes no "duty to investigate" or duty to ensure that Plaintiffs were the "subject of a formal police report" before the merchant may send the written demand.

After receiving the written demand, the recipient is not required to respond to it. If the recipient does not believe the demand is legitimate or justified, she is free to simply ignore it. The statute specifically notes that the written demand should tell the recipient

---

[3] Subparagraph (1) states that "a person who commits an act for which he or she *could be* charged with retail fraud… is liable to the merchant who is the victim of the act for…civil damages of 10 times the retail price of the property, but not less than $50.00 and not more than $200.00. (Emphasis added.) §600.2953(1)
[4] The statute allows the merchant to "make a written demand for payment of the amount for which the person who committed the act is liable under subsection (1)…" §600.2953(2).

9

that she "is not required to respond to this demand if you believe that you or your minor child are not guilty of committing retail fraud or if you choose not to respond." §600.2953(2).

If the recipient does not respond to the written demand, the merchant may file a civil action. The statute authorizes the merchant to seek damages, in a civil action against the alleged shoplifter (or the parents of an unemancipated minor), if there is no response to the written demand. §600.2953(7).

However, the merchant may only *recover* civil damages, if a formal police report was filed with the local law enforcement agency. §600.2953(8). Subparagraph 8 sets forth the proof that is required before the merchant is able to *recover* civil damages from a shoplifter. Subparagraph 8 is the only provision of §600.2953 that mentions anything relating to the filing of a "formal police report." It states that:

> "A merchant may *recover* the amount for which a person is civilly liable under this section only if a formal police report is filed with a local law enforcement agency..." (Emphasis added.) §600.2953(8).

Clearly subparagraph 8 does not pertain to instances in which the merchant does not "recover" any civil damages from the alleged shoplifter. It certainly is not a prerequisite that must be met before a merchant can send a written demand. It only pertains to instances in which there is a "recovery."

Finally, §600.2953(6) provides a remedy for enforcement of the statute. Subparagraph (6) states that:

> "An action under this section may be brought in the small claims division of the district court or in any other court of competent jurisdiction. If the amount demanded exceeds the jurisdiction of the small claims division, the action may still be brought in the small claims division, but the amount recovered shall not exceed the jurisdiction of the small claims division." §600.2953(6).

10

149 Mich. App. 481, 483, 387 N.W.2d 154 (1986)(since the insurance commissioner was authorized to pursue violations of the UTPA, there was a scheme of enforcement which was exclusive and Plaintiffs' common law claim was inappropriate); <u>Covell v. Spengler</u>, 141 Mich. App. 76, 366 N.W.2d 76 (1984)(plaintiff failed to state claim for breach of implied covenant of fair dealing since remedies under Whistleblower's Protection Act are exclusive).

Even if Plaintiffs could not recover one single penny in compensation for an alleged violation of the statute, the statutory remedy would still be exclusive. See, <u>General Aviation, Inc. v. Capital Region Airport Authority</u>, 224 Mich. App. 710, 569 N.W.2d 885 (1997)(even though no action for monetary damages was available to plaintiff for a violation of the Aeronautics Code, the state and county could enforce the Code, therefore remedy was adequate); <u>Forster v. Delton School District</u>, 176 Mich. App. 582, 440 N.W.2d 421 (1988)(since the attorney general could enforce the campaign financing act, there was an adequate means of enforcement, even though individuals did not have a private right of action under the act).

In <u>Pro-Staffers, Inc. v. Premier Manufacturing Support Services, Inc.</u>, 252 Mich. App. 318, 326, 651 N.W.2d 811 (2002), the court refused to allow plaintiff to recover increased damages in the form of lost profits and premiums and instead limited Plaintiffs' recovery to that provided in the statute. In rejecting Plaintiffs' argument that it was an "inadequate" remedy, the court stated:

> "Had the Legislature intended for employers to recover damages in the form of increased premiums and lost profits, it would have enumerated such a remedy within the WDCA…Less appropriate common-law remedies cannot supplement those remedies placed into the statute by the Legislature…Because the Legislature has failed to place such remedies in the statute, this Court cannot write such a provision into the law by judicial fiat." <u>Id</u>.

12

Similarly, since §600.2953 provides a remedy for its enforcement through the jurisdiction of the small claims division or similar venue, additional common law remedies are inappropriate. As a result, Plaintiffs common law claims for negligence, intentional act, fraud and conspiracy must be dismissed. The only possible cause of action available to Plaintiffs is a statutory claim based on an alleged violation of §600.2953. Since Plaintiffs have failed to make such a claim, their Complaint must be dismissed in its entirety.

**B.    Since §600.2953 does not require an investigation to determine whether the minors were the subject of a formal police report before a written demand is made, Plaintiffs cannot state a claim for a statutory violation of §600.2953.**

Even if Plaintiffs had properly asserted a statutory claim for a violation of §600.2953, Plaintiffs' theory is based upon a tortured misreading of §600.2953. Plaintiffs' claims are based upon the allegation that they received a "written demand" for civil damages from PRA even though Plaintiffs' minors were not the "subject of a formal police report." (Class Action Complaint, ¶¶ 44, 50-51, 55, 59, 64) However, §600.2953 imposes no requirement that Plaintiffs' minors be the "subject of a formal police" report before a written demand is sent. Plaintiffs' minors must only be referenced in a "formal police report" before Lord & Taylor *recovers* civil damages. §600.2953(8).

No where in Plaintiffs' Complaint do they allege that Lord & Taylor ever "recovered" civil damages from them; that Plaintiffs paid Lord & Taylor civil damages; or that Lord & Taylor ever filed a civil action against them. Plaintiffs' entire Complaint is based solely and entirely on Plaintiffs' alleged receipt of a written demand, which Plaintiffs never paid and that Lord & Taylor never pursued further.

13

Since there is no requirement that a merchant investigate to determine whether Plaintiffs' minors were the "subject of a formal police report" before a written demand is sent, Plaintiffs have failed to state a claim for violation of §600.2953 by Lord & Taylor. As a result, Plaintiffs' Class Action Complaint must be dismissed with prejudice in its entirety.

### C. Plaintiffs' request for punitive damages must be dismissed since punitive damages are only recoverable as compensation for tortious conduct.

Since no common law actions are available to Plaintiff under the facts alleged in their Class Action Complaint, Plaintiffs' requests for punitive damages are inappropriate and should be dismissed. Michigan precedent indicates that exemplary damages are recovered as an element of damages only under a common law claim alleging tortious conduct. Kewin v. Massachusetts Mutual Life Ins. Co., 409 Mich. 401, 419, 295 N.W. 2d 50 (1980). Exemplary damages are not recoverable for a breach of contract claim. Id. Nor are they recoverable for statutory claims, unless the statute specifically authorizes punitive damages. Currie v. Fiting, 375 Mich. 440, 456, 134 N.W.2d 611 (1965)(If there is no provision in a statute for an award of punitive or exemplary damages, then none shall be awarded). See also, Bernier v. Board of County Road Commissioners of the County of Ionia, 581 F.Supp. 71, 80 (W.D. Mich. 1983)(since the Wrongful Death Act contains no provision for the recovery of punitive damages, none should be recovered).

Section 600.2953 contains no provisions for punitive damages. On the contrary, it contemplates only minimal damages appropriate for small claims court. §600.2953(6). Since Plaintiffs common law claims must be dismissed and §600.2953 does not provide

14

for punitive damages, Plaintiffs' claims for punitive damages in their second and third causes of action are inappropriate and must be dismissed.

## CONCLUSION

For all the reasons set forth above, Plaintiffs' Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and must be dismissed against Defendant Palmer, Reifler and Associates, P.A.

**PLUNKETT & COONEY, P.C.**

s/ Michael P. Ashcraft, Jr.

MICHAEL P. ASHCRAFT, JR. (P46154)
Attorney for Palmer, Reifler and Associates, PA
38505 Woodward, Suite 2000
Bloomfield Hills, MI 48304
(248) 594-8202
mashcraft@plunkettcooney.com

DATED:     June 12, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES M. SWEENEY AND )<br>LAURA SILVERI AS GUARDIANS AND )<br>NEXT FRIENDS OF )<br>BRIGID MARIA SILVERI SWEENEY )<br>)<br>AND )<br>)<br>BRIGID MARIA SILVERI SWEENEY )<br>)<br>AND )<br>)<br>JANET EGGEN AS GUARDIAN AND )<br>NEXT FRIEND OF MINOR CHILD )<br>SARAH EGGEN )<br>)<br>          Plaintiffs, )<br>Vs. )<br>)<br>FEDERATED RETAIL HOLDINGS, INC., )<br>Individually and As Successors in Interest to )<br>THE MAY DEPARTMENT STORES CO. )<br>)<br>AND )<br>)<br>THE MAY DEPARTMENT STORES CO. )<br>)<br>AND )<br>)<br>FEDERATED DEPARTMENT )<br>STORES, INC. )<br>)<br>AND )<br>)<br>PALMER, REIFLER AND )<br>ASSOCIATES, PA. )<br>)<br>          Defendants. ) | Case No. 06-10887<br>Hon. John Feikens<br><br><br><br><br><br><br>**CERTIFICATE OF**<br>**SERVICE** |

_____/

1

I hereby certify that on June 12, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Carolyn Kaye Ranke and John M. McManus.

**Via Electronic Filing:**
Clerk, Hon George Caram Steeh
U.S. District Court
Eastern District/Southern Division
231 W. Lafayette
Detroit, MI 48226

on the 12th day of June 2006.

s/ Michael P. Ashcraft, Jr.
_____
MICHAEL P. ASHCRAFT, JR. (P46154)
Attorney for Defendants
38505 Woodward, Suite 2000
Bloomfield Hills, MI 48304
(248) 594-8202
mashcraft@plunkettcooney.com
P46154