UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. SWEENEY, et al.,

        Plaintiffs,

vs.

FEDERATED RETAIL HOLDINGS,
INC. et al.,

        Defendants.
_____/

Case No.  06-10887

HON.  GEORGE CARAM STEEH

ORDER REGARDING JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

      On February 28, 2006, Plaintiffs filed a Class Action Complaint, alleging damages sustained by the wrongful conduct of Defendants and the violation of section 600.2953 of the Michigan Compiled Laws, which allows for the civil recovery of damages for merchants who have been the victims of shoplifting. The Complaint further alleged damages sustained as a result of Defendants' intentional and willful attempt to collect monies to which there was no entitlement and conduct that is tantamount to civil extortion. Each of the two named Plaintiffs alleges $1,000,000.00 in damages from each of the two named Defendants. The Plaintiffs also seek to be named representatives of the class of individuals who have been similarly injured by the negligent and/or intentional conduct of Defendants. At this point no additional class members have been identified, pending discovery. Defendants individually filed Motions to Dismiss, which were duly heard before the court on July 5, 2006 and denied for the reasons stated on the record. Following the oral hearing, the Court, *sua sponte*, raised the issue of whether this Court had proper jurisdiction to hear the pending class action as filed.

      On February 18, 2005, the Class Action Fairness Act (CAFA) modified 28 U.S.C. §

1332, the statute authorizing federal diversity jurisdiction effective on any civil action commenced on or after that date. Prior to 2005, Plaintiffs admit, 28 U.S.C. § 1332 did not allow members of a class action to aggregate their claimed damages to reach the $75,000.00 threshold established by 28 U.S.C. § 1332 as a jurisdictional minimum. See, e.g., Snyder v. Harris, 394 U.S. 332, 336 (1969) ("'When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount.'") (citing Troy Bank of Troy, Ind. v. G.A. Whitehead & Co., 222 U.S. 39, 40-41 (1911)); Zahn v. Int'l Paper Co., 414 U.S. 291, 301 (1973) ("Each plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, and any plaintiff who does not must be dismissed from the case–'one plaintiff may not ride in on another's coattails.'").

Plaintiffs' primary argument is that CAFA has modified 28 U.S.C. § 1332 such that aggregation of claimed damages is permitted under certain circumstances. In particular, 28 U.S.C. § 1332 now states that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which–(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state..." so long as "(5)(A) the primary defendants are [not] States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; [and] (B) the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100." Under subsection (d)(6), plaintiffs may aggregate their claimed damages to reach the

$5,000,000.00 threshold.

Plaintiffs allege that their proposed class will exceed 100 members with damages in aggregate in excess of $5,000,000.00 and that therefore this court has jurisdiction. Defendants acknowledge that Plaintiffs have pled damages sufficient to obtain jurisdiction in light of the CAFA modifications and that Plaintiffs have pled sufficient diversity of the parties, but note that Plaintiffs have not specifically pled a class in excess of 100 members because Plaintiffs claim that only through discovery can they obtain such information. Defendants acknowledge that jurisdiction appears to be proper on the basis of Plaintiffs' pleadings but request that they be allowed to raise the issue of jurisdiction anew with regard to amount in controversy, diversity of the parties, and number of class members once further discovery has been conducted. Due to the speculative allegations contained in Plaintiffs' complaint, and the inability of the court to ascertain, absent any discovery, the likelihood that Plaintiffs will be able to certify 100 or more class members with collectively over $5,000,000.00 in damages, the court finds that on the basis of pleadings alone Plaintiffs have demonstrated sufficient jurisdiction.  Defendants, of course, are permitted to again raise the issue of jurisdiction if appropriate as discovery progresses.

Dated:  August 30, 2006

                                             S/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 30, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---